IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS HUNT, deceased, by and
through his Supervised Administrator of
his estate, TRACY CHIOVARI,

       Plaintiff,

       vs.

THOMAS DART, as SHERIFF OF COOK
MICHAEL SHEAHAN, as Former SHERIFF OF
COOK COUNTY, CERTAIN UNKNOWN
COOK COUNTY DEPARTMENT OF
CORRECTIONS OFFICERS, CERTAIN
UNKNOWN WORTH POLICE
DEPARTMENT OFFICERS, VILLAGE OF
WORTH,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 07 C 6003

Magistrate Judge Jeffrey Cole

## MEMORANDUM OPINION AND ORDER

### I.

### BACKGROUND

Something happened to Thomas Hunt on October 23, 2006 while he was being transported

to the Cook County Jail. The Cook County Department of Corrections says that Mr. Hunt suffered

a seizure and fell to the ground while he was being processed and booked. (*Amended Complaint*, at

¶15). He was taken to Stroger Hospital and pronounced dead at 8:20 p.m. that evening. (*Id.* at ¶16).

An autopsy by the Cook County Medical Examiner's Office concluded that the cause of death was

"natural," resulting from intracerebral hemorrhage due to hypertensive cardiovascular disease. (*Id.*

at ¶17). But the plaintiff says that wasn't the whole story. A *post mortem* examination revealed

multiple evidences of external and internal injuries, and a CT scan showed extensive brain, nasal,

and facial injuries. (*Id.* at ¶¶18-19).

Convinced that these injuries could not have occurred the way the Department of Corrections claimed, Ms. Chiovari filed suit on October 23, 2007 under 42 U.S.C. § 1983 for deprivation of Mr. Hunt's Constitutional rights and added state law claims for wrongful death. She named as defendants, Thomas Dart, Sheriff of Cook County; the Village of Worth; and "Certain Unknown Cook County Department of Corrections Officers and Village of Worth Police Officers." Sheriff Dart argues that the Certain Unknown Cook County Department of Corrections and Police Officers should be stricken from th case – Counts IV and VII – because the claims are now time- barred and that any attempt now to replace the Unknowns with named defendants would be too late. Plaintiff contends that she can amend her complaint to name the officers once she has satisfied herself of their identities, and that the amendment will relate back to the original (timely filed) complaint under Rule 15(c).[1]

## I.

## DISCUSSION
### A.
### The Applicable Statutes of Limitations

The applicable statute of limitations for plaintiff's state law claims is one year. It is found in the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), 745 ILCS 10/8-101, which provides that:

---

[1] The procedural posture of the case is somewhat unusual in that relation back issues generally arise in the context of a motion to amend a complaint. That has not yet occurred. The defendants have chosen to take preemptive action by moving to dismiss the "Unknown officers," on the theory that the statute of limitations has run, and the relation back doctrine would doom such a motion. Since a court can *sua sponte* dismiss an action as time barred after concluding that any attempted amendment would not be allowed under the relation back doctrine, *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910 (7th Cir. 2000), the defendant's motion can properly be considered.

2

(a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued...

\* \* \*

(c) For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

Plaintiff's federal claim under § 1983 is governed by a two-year statute of limitations. This limitation period is drawn from Illinois' statute of limitation applicable to personal injury claims. *See Fillmore v. Page*, 358 F.3d 496, 508 (7th Cir. 2004); *King*, 201 F.3d at 913. Hence, plaintiff had to file her state law claims by October 23, 2007, and her § 1983 claim by October 23, 2008. She filed her complaint on October 23, 2007.

## B.

### The Doctrine Of Relation Back Of Amendments Under Rule 15(c)

Plaintiff concedes that she has yet to name as defendants the officers she believes may be responsible for her son's death. Nonetheless, she submits that when she does so, Illinois' "relation-back" statute will permit the amendment of her complaint to identify the officers. The applicability of state law in this case is, she contends, allowed by Rule 15(c)(1)(A), which provides that an amendment will relate back to the original pleading if the law that provides the applicable statute of limitations allows relation back. If it does, *and* if state law is more favorable than the other provisions of Rule 15(c), state law governs. *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001); *DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 (3rd Cir. 2004). "The rationale [of Rule 15(c)(1)(A)] is that if state law 'affords a more forgiving principle of relation back than the one provided in [Rule 15(c)], it should be available to save the claim.'" *Henderson*, 253 F.3d at 932-33 (quoting advisory committee notes to 1991 amendment to Rule 15(c)).

Rule 15(c)(1)(B) applies when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading, but does not name new defendants. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Rule 15(c)(1)(C) applies where the amendment changes the party or the naming of the party against whom a claim is asserted. It provides that if Rule 15(c)(1)(B) is satisfied *and*, if within the period provided by Rule 4(m) for serving of summons, the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits, and the party knew or should have known that the action would have been brought against it but for a *mistake* concerning the proper party's identity when there has been an error as to the identity of the proper party, a new party may be brought into the case and the amendment will relate back to the original complain. *See* Rule 15(c)(1)(C)(I) and (ii); *Arreola*, 546 F.3d at 796. But, not knowing a defendant's name is not a "mistake" under Rule 15(c)(1)(C). *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir.2008); *Jennis v. Rood*, 2009 WL 393412, *1 (2nd Cir. 2009)("Jennis's failure to name the individual defendants was due to a lack of knowledge, not mistake. The district court reasonably concluded that the proposed amendment was futile since the statute of limitations had run and the relation-back doctrine did not apply."); *Beightler v. Produkte Fur Die Medizin AG*, 2008 WL 4160589, *2 (N.D.Ohio 2008).

Since state law provides the applicable statute of limitations for the federal and state claims in this case, the threshold inquiry is whether Illinois' relation back principles are more favorable to the plaintiff than those in Rule 15 (c)(1)(C).[2] All this seems clear enough, and yet the defendant's reply brief maintains that the state law relation back rule cannot apply to this case under the *Erie*

---

[2] Since the anticipated amendment would involve adding parties, Rule 15(c)(1)(C) would be the operative section for comparison.

doctrine. The argument relies on a 1978 case, which was decided 13 years before Rule 15(c) was amended to provide exactly that. (*Reply in Support of Motion*, at unnumbered page 2). As the Advisory Committee notes to Rule 15(c) point out in regard to the 1991 amendment:

> This provision is new. It is intended to make clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. . . [which] [g]enerally . . . will be state law. . . . If *Schiavone v. Fortune*, 106 S.Ct. 2379 (1986) implies the contrary, this paragraph is intended to make a material change in the rule.[3]

Apart from the fact that reply briefs are for replying, not for raising matters that should have been in the opening brief, *Hussein v. Oshkosh Motor Truck Company*, 816 F.2d 348, 360 (7th Cir.1987) (Posner, J., concurring); *United States v. Boyle*, 484 F.3d 943, 946 (7th Cir.2007); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir.2006), the plain language of Rule 15(c)(1)(A) requires that, in cases such as this, a court look to state law to determine the applicability of the relation back doctrine. Given the unambiguous text of Rule 15(c)(1)(A), it is not surprising that case after case has rejected the contention that state relation back principles have no role to play in § 1983 cases or other cases in which state law provides the limitations period. *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 - 237 (7th Cir.1996). A sampling of the cases is set forth below.[4]

---

[3] The defendant's brief also relies on a 1980 case which was decided 11 years before the 1991 amendment to Rule 15(c). The brief indicates that the 1980 case relied on *Schiavone v. Fortune*, 477 U.S. 21 (1986), even though *Schiavone* came eight years after the case on which the defendant relies. It belabors the obvious to say that a 1980 case could not cite a Supreme Court opinion that would not be decided until 1986. In addition, *Schiavone* was the case that the Advisory Committee notes to the 1991 Amendment to Rule 15(c) said the amendment was designed to repudiate. See *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993).

[4] *See e.g., Alires v. Crowther*, 279 Fed.Appx. 499, 500, 2008 WL 2164661 (9th Cir. 2008); *Makro Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258, n.6 (11th Cir.2008);*DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 (3rd Cir. 2004); *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 963 (11th Cir. 2001); *Davis v. Williamson County, Tex*, 59 F.3d 1240. 1995 WL 413012, *2 (5th Cir. 1995); *Stroud v. Abington Memorial Hosp.*, 2008 WL 2061408, *18 (E.D.Pa. 2008); *United States ex rel. Deering v.*
(continued...)

We turn then to Illinois law to determine whether its relation back principles are more favorable to the plaintiff than those in Rule 15(c)(1)(C). 735 ILCS 5/2-616(d) provides that "a cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if *"all* the following terms and conditions are met":

> 1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her, plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter

---

[4](...continued)
*Physiotherapy Associates, Inc.*, 2009 WL 605276, *9 n.9 (D.Mass. 2009)(as Federal False Claims Act utilized "most closely analogous state limitations period," court considered 15(c)(1)(A) but found it was not more generous); *Coursey v. City of Camden*, 2008 WL 5272027, *2 (D.N.J. 2008)(for a §1983 claim, "[u]nder Federal Rule of Civil Procedure 15(c), an amendment to a complaint will be permitted after the statute of limitations has run if the amendment can "relate back" to the date of the original pleading under state law."); *Velez v. Fogarty*, 2008 WL 5062601, *5 n.4 (S.D.N.Y. 2008)(for a §1983 claim, court noted applicability of Rule 15(c)(1)(A), but did not discuss it as neither party raised it); *Mabry v. New York City Dept. of Corrections*, 2008 WL 619003, *5 (S.D.N.Y. 2008)(for §1983 claim, court looked first to 15(c)(1)(C), then to 15(c)(1)(A) to determine whether state relation back rule was more forgiving); *Laureano v. Goord*, 2007 WL 2826649, *5 (S.D.N.Y. 2007)(in a §1983 case, "[w]hether a claim relates back should be analyzed under both federal and state law, and whichever law that 'affords a more forgiving principle of relation back' should be utilized."); *Stidham v. Jackson*, 2007 WL 2156155, *2 n.1 (W.D.Va. 2007)(in §1983 case, plaintiff failed to raise 15(c)(1) and so the argument was deemed waived); *Motley v. Parks*, 198 F.R.D. 532, 534 (C.D.Cal. 2000)(in §1983 case, holding: "Because California law regarding the relation back of claims is more liberal than the standard set forth in Rule 15(c)(3), Rule 15(c)(1) applies."); *Blackhawk v. City of Chubbuck*, 2005 WL 3244406, *2 (D.Idaho 2005)(considering 15(c)(1), but finding Idaho's relation back provision more restrictive than the federal provision); *Joseph v. Port of New Orleans*, 2002 WL 342424, *14 (E.D.La. 2002)(considering 15(c)(1) and looking to state and federal provisions to determine whether state was more forgiving).

which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended. (Emphasis supplied).[5]

The burden is on the plaintiff to demonstrate compliance with §2-616(d), and he must do so with probative evidence. *See Morton v. Madison County Nursing Home Auxiliary*, 198 Ill.2d 183, 188, 761 N.E.2d 145, 150 (2001)(former version); *Polites v. U.S. Bank Nat. Ass'n*, 361 Ill.App.3d 76, 82, 836 N.E.2d 133, 139 (1ˢᵗ Dist. 2005). If any of the requisite elements of §2-616(d) are not met, the amended complaint cannot relate back. *Polites*, 361 Ill.App.3d at 82, 836 N.E.2d at 139; *Webb v. Ambulance Service Corp.*, 262 Ill.App.3d 1039, 1043-44, 635 N.E.2d 643, 64 (1ˢᵗ Dist. 1994). And district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or where the amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7ᵗʰ Cir.2008).

Section 2-616(d) was amended in 2002 in order "to impose more stringent requirements for amended complaints – like those embodied n the Federal Rules of Civil Procedure." *Pruitt v. Pervan*, 356 Ill.App.3d 32, 36, 825 N.E. 2d 299, 301-302 (1st Dist.2005). Indeed, the legislative history of

---

[5] The Seventh Circuit has read the requirements of §2-616(d) this way: "(1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, ... even though he or she was served in the wrong capacity or as agent of another ...; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 - 237 (7ᵗʰ Cir.1996).

§2-616(d) makes clear that "the legislative intent was simply to bring [that section] into line with the Federal Rules of Civil Procedure." *Compton v. Ubilluz*, 351 Ill.App.3d 223, 233-34, 811 N.E.2d 1225, 1233 (2d Dist.2004).[6] In *Pruitt*, the Illinois Appellate Court held that there could be no relation back under §2-616(d) where the plaintiff's failure to initially name the defendant until after the expiration of the limitations period "was due to his ignorance of the defendant's involvement in the alleged wrongdoing." 356 Ill.App.3d at 36, 825 N.E.2d at 301. The court concluded that failure to name a party defendant because of an absence of knowledge was not "a mistake concerning the identity of the proper party" within the meaning of §2-616(d). *Id. See also Hailey v. Interstate Machinery Co.*, 121 Ill.App.3d 237, 459 N.E.2d 346 (3rd Dist. 1984)(where the complaint named John and Jane Doe, §2-616(d) did not allow relation back "since service of summons upon the correct defendant is required, albeit in the wrong capacity or as agent of another."). *See also Fassero v. Turigliatto*, 349 Ill.App.3d 368, 370-71, 811 N.E.2d 252, 255 (4th Dist. 2004)("If the named party *in fact exists* but is not the real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party" in which case the provisions of §2-616(d) must be complied with) (Emphasis supplied). [7]

This reading of 2-616(d) is consistent with the federal court's uniform interpretation of Rule

---

[6] The court in *Compton* quoted Representative Mathias' comments that the 2002 Amendment was:

"an initiative of the Illinois State Bar Association to make the Illinois Civil Procedure track federal civil procedure regarding misidentification of defendants in a civil case. The Bill basically allows, as I said before, it allows you to follow the same [procedures] as the federal rules in the event that someone was misidentified when he was originally served so long as he has knowledge of the action.'" 351 Ill.App.3d at 233, 811 N.E.2d at 1233.

[7] Under Illinois law, naming fictitious persons as defendants is not conferred by common law, only by statute. *Bogseth v. Emanuel*, 261 Ill.App.3d 685, 689, 633 N.E.2d 904, 907 (1st Dist. 1994).

15(c)(1)(C), which the Seventh Circuit has interpreted to permit an amendment to relate back to the original complaint "only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King*, 201 F.3d at 914. Moreover, the court has "emphasized that the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *Id.* [8]

For example, in *King*, the plaintiff had not satisfied the "mistake" requirement, because he did not mistakenly sue the wrong party. Rather, as here, he "had (and still has) 'a simple lack of knowledge of the identity of the proper party.'" *Id.* (Parenthesis in original). The court concluded by reconfirming its "consistent[ ] h[o]ld[ings]" that Rule 15(c)(3) does not provide for relation back where the plaintiff fails to identity the proper party. A party's "simple lack of knowledge" does not fit into the parameters of Rule 15(c)(3).[9] *Id.* Hence, even if King had finally identified the proper defendant, an amended complaint naming that defendant would not relate back because he has not satisfied Rule 15(c)(3)'s mistake requirement. That being the case, an amended complaint would be futile because it would be barred by the statute of limitations. *Id.*

The cases are uniform in holding that "an amendment to substitute a named party for a John

---

[8] The Seventh Circuit has held that if a sufficient identity of interest exists between the added defendant and the original one and if other criteria are satisfied, the notice requirement may be satisfied. *Wood v. Worachek*, 618 F.2d 1225, at 1230 (7th Cir. 1980). However, unless there has been a "mistake" in not naming the right defendant, it does not matter whether the late named party had knowledge of the suit. *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Norton v. International Harvester Co.*, 627 F.2d 18, 20 -21 (7th Cir. 1980). In any event, the plaintiff makes no argument that the knowledge requirement was satisfied in this case because of some identity of interest between the Sheriff and the Cook County Dept. of Correction Officers. Finally, even if there were an identity of interest between them, there is nothing to suggest an identity of interest between the Sheriff and police officers of the Village of Worth, who are also charged as unknown officers.

[9] Rule 15(c)(3) is now 15(c)(1)(C). The content, however, of the newly numbered rule does not differ from its predecessor.

Doe does not relate back under Rule 15(c)." *Whitt v. Stephens County*, 529 F.3d 278, 282 -283 (5th Cir. 2008). See also *Moore v. Tennessee*, 267 Fed.Appx. 450, 455-456, 2008 WL 564946, *5 (6th Cir. 2008)(collecting cases); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3rd Cir. 1995) (replacement of a "John Doe" caption with a party's real name amounted to "changing a party," warranting application of Rule 15(c)); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."); *Jennis*, 2009 WL 393412, *1; *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir.2004)(Rule 15(c)(3) did not apply to "John Doe" situations); *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir.1999)(Rule 15(c)(3) did not apply to "John Doe" pleading); *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir.1998)(same); *Whitt v. Stephens County*, 529 F.3d 278, (5th Cir. 2008)(a "John Doe" moniker does not constitute a mistake and there is no relation back); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir.1995), *modified* 74 F.3d 1366 (2d Cir.1996)(same); *Martin v. Special Agents*, 169 F.Supp.2d 805, 808-09 (N.D.Ill. 2001).

It is thus apparent that §2-616(d) is not more favorable to the plaintiff than Rule 15(c)(1)(C), and therefore it is not applicable. Rather, it, like Rule 15(c)(1)(C), does not allow an amendment to a complaint where, as here, there was no "mistake" involved in the failure to name parties prior to the expiration of the statute of limitations. But even if the Illinois relation back statute were to be construed in a more lax fashion, the plaintiff still could not prevail, as we discuss more fully below.

## C.

## The Plaintiff Has Failed To Demonstrate
## That She Has Complied With Illinois' Relation-Back Statute

The contention in the plaintiff's response brief that all the requirements of the Illinois statute

were (or will be) met consists of the following conclusory statement:

> Plaintiff submits that the elements of section 2-616(d) have been satisfied, so claims
> against individual officers will relate back. First, the original complaint was timely
> filed. Second, the individual officers were on notice of the claim given the filing of
> the Complaint and its inclusion of "Certain Unknown Cook County Department of
> Corrections Officers" as defendants as well as Plaintiff's attempt to elicit
> discoverable information from these officers. Thus, the individual officers would not
be prejudiced in maintaining a defense on the merits. Third, any proposed amendment involving the
officers would simply substitute their names. Thus, the substantive allegations would remain
unchanged.

*(Plaintiff's Response to Motion to Strike*, at 4).

Even if we were to ignore the Seventh Circuit's oft-repeated unwillingness to allow

unsupported and conclusory arguments in any context,[10] Illinois law requires the party invoking the

relation back doctrine to support his position with evidence. *See, e.g., Polites*, 361 Ill.App.3d at 85,

836 N.E.2d at 141 (plaintiff provided documentary evidence); *Fassero v. Turigliatto*, 349 Ill.App.3d

368, 374-75, 811 N.E.2d 252, 258-59 (4th Dist. 2004)(testimony regarding when defendant had

notice of suit); *Webb v. Ambulance Service Corp.*, 262 Ill.App.3d 1039, 1046, 635 N.E.2d 643, 647

(1st Dist. 1994)(plaintiff failed to "illustrate that [unnamed defendant] knew of the pending action").

---

[10] *See e.g., Solis v. Consulting Fiduciaries, Inc.*, 557 F.3d 772 (7th Cir. 2009); *Hardrick v. City of
Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008)(conclusory, one-sentence argument would not be considered);
*Smith v. Northeastern Illinois University*, 388 F.3d 559, 569 (7th Cir. 2004)(undeveloped, single-sentence
argument constitutes waiver); *United States v. Manjarrez*, 258 F.3d 618, 626 (7th Cir. 2001)(single sentence
without any supporting argument or citation to pertinent authority deemed waived); *Opp v. Wheaton Van
Lines, Inc.*, 231 F.3d 1060, 1066 (7th Cir. 2000)(court need not consider conclusory, one-paragraph
argument).

Of course, evidence need not be provided where the conclusion is obvious and beyond debate, such as the conclusions that the plaintiff's complaint was timely filed, that it named "Unknown Officers" – which is to say that no officers were named – and that the claims against the officers, if they are ever named, grew out of the same occurrence alleged in the complaint.

But it is not self-evident that the still to be named (and served) correction officers had knowledge of the suit. On that score, there is only the *ipse dixit* that "[t]he filing of the Complaint and its inclusion of" Unknown Officers put them on notice. In fact, it is demonstrably inaccurate to say that a suit against the Sheriff put them on notice of a complaint which neither named them nor with which they were served. Nor can it be said that some unexplained attempt to elicit discoverable information *from these officers* – who ever they may be – sufficed. When those efforts occurred, and what they consisted of are not explained. These sorts of ultimate conclusions are insufficient, for unsupported statements in briefs are not evidence and cannot be credited. *See e.g., United States v. Stevens*, 500 F.3d 625, 628 -629 (7th Cir. 2007); *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002); *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610-611 (7th Cir.2006); *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984).

By contrast, defendant has provided some evidence, and it undercuts the plaintiff's insistence that she can at some point in the future name and serve specific officers, and that §2-616(d) will allow the amendment to relate back to the filing of the original complaint. The defendant served plaintiff with his Rule 26(a)(1) disclosures a year ago on April 24, 2008. These included the identities of witnesses to the occurrence at issue, the roster of officers working at the time, and the police reports regarding the incident. (*Motion to Strike*, Ex. 1,2; *Reply in Support of Motion to*

*Strike*, Ex. 1). With a little effort, one could have discerned the individuals involved in the incident, or at least narrowed the list of possible defendants.[11] Plaintiff's own Rule 26(a)(1) disclosures show as much, listing nine Cook County Department of Corrections officers. (*Reply in Support of Motion to Strike*, Ex. 5). Further inquiry or depositions would obviously have been helpful. However, no depositions were noticed by the plaintiff for a long while. Plaintiff failed to request any written discovery concerning the Cook County Correctional officers list until January 21, 2009 (*Motion to Strike*, Ex. 3), and she did not notice any depositions of officers until February 3, 2009. (*Reply in Support of Motion to Strike*, Ex. 4).

When plaintiff finally elicited discovery from the individual officers – thereby arguably putting them on notice of the suit and their potential involvement in it – it was three months after the statute ran on her federal claim and well over a year after it ran on her state law claims. This does not comply with the requirement of 2-616(d)(2) that the putative defendant must have received notice of the commencement of the action "within the time that the action might have been brought or the right asserted against him or her, plus the time for service permitted under Supreme Court Rule 103(b)...." Captioned "Alias Summons; Dismissal for Lack of Diligence," the Rule requires that a plaintiff exercise "reasonable diligence to obtain service on a defendant . . . ." *Polites*, 361 Ill.App.3d at 84, 836 N.E.2d at 140. The purpose of Rule 103(b) is to allow service of a defendant after the limitations period has expired "if the plaintiff can show that he or she exercised due

---

[11] Thus, there were four months remaining on the statute of limitations on the §1983 count. Under Rule 11, "exigencies of time are a well recognized factor in determining the reasonableness of any pre-filing investigation." *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1435 (7th Cir. 1987); Gregory P. Joseph, Sanctions, The Federal Law of Litigation Abuse, 104 (1989). Thus, any argument that Rule 11 necessarily precluded the plaintiff from naming individuals after the Rule 26 disclosures would not be compelling.

diligence in obtaining service." *Fassero*, 349 Ill.App.3d at 375, 811 N.E.2d at 259 (plaintiff was

sufficiently diligent in serving the newly named defendant within a week).[12]

Rule 103(b) provides that if a plaintiff fails to exercise reasonable diligence to obtain service

prior to the expiration of the applicable statute of limitations, the action as to that defendant may be

dismissed without prejudice. If, however, the failure to exercise reasonable diligence occurs after

the expiration of the applicable statute of limitations, "the dismissal shall be with prejudice as to that

defendant only...." The Rule also provides that the dismissal may be made on the application of any

party or the court's own motion.

"'The standard for determining reasonable diligence is an objective one, and plaintiffs have

the burden of showing that they exercised such diligence in their efforts to obtain service.'" *Polites*,

361 Ill.App.3d at 86, 836 N.E.2d at 141-142 (quoting *Parker v. Piskur*, 258 Ill.App.3d 344, 347, 630

N.E.2d 475 (3rd Dist. 1994)). There are several factors to consider in determining whether a plaintiff

was diligent in his efforts to serve a defendant under Rule 103(b): (1) the defendant's actual notice

or knowledge of the suit; (2) lack of prejudice to the defendant; (3) the length of time used to obtain

service of process; (4) the plaintiff's activities; (5) the plaintiff's knowledge of the defendant's

location; (6) the ease of ascertaining the defendant's location; (7) special circumstances that affected

the plaintiff's efforts; and (8) actual service on the defendant. *Polites*, 361 Ill.App.3d at 85-86, 836

N.E.2d at14. In confining her argument to a single sentence and providing nothing in the way of

evidence, plaintiff has not really attempted to meet this burden.

---

[12] Illinois's requirement of reasonable diligence is not unique. For example, Nevada law requires that before an amendment may relate back to the original complaint, a plaintiff must exercise reasonable diligence in ascertaining the true identity of the intended defendants and promptly move to amend the complaint in order to substitute the actual defendant for the unknown or fictional defendant. *Alires*, 279 Fed.Appx. at 500, 2008 WL 2164661 at * 1 (applying Nevada relation back law in § 1983 case).

There is nothing to suggest that the allegedly responsible officers – and it bears repeating that even now the plaintiff has not identified who they are, let alone served them as Rule 103(b) demands – had actual knowledge of the suit prior to the expiration of the limitations period as 2-616(d) requires. *Arendt*, 99 F.3d at 236-237. For that there is only speculation, and that is never a substitute for proof. *See In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007); *Lauth v. McCollum*, 424 F.3d 631, 634 ( 7th Cir.2005); *United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958). The same may be said of any suggestion that the allegedly responsible but as yet to be named correctional and Worth police officers have not been prejudiced by the more than two-year delay in even identifying them, let alone in naming them in the complaint and serving them with process. If merely naming unknown John Does were enough, motions to amend by substituting actual for fictitious defendants would automatically be granted. That, of course, is not how the relation back doctrine works.

In sum, even if Rule 2-616(d) applied to cases where the "proper" defendants remained unknown until after the limitations period had expired, given the circumstances of this case, as explicated by the parties' briefs, it cannot be concluded that the real defendants – whoever they may be – obtained the notice required by §2-616(d) within the prescribed time, which is defined as the expiration of the statute of limitations plus the additional time within which a plaintiff acting diligently would be allowed to served a defendant under Rule 103(b). The plaintiff in this case had the list of candidates narrowed down to perhaps nine names as long ago as the exchange of Rule 26(a)(1) disclosures. She had the duty rosters for the time in question almost a year ago, in April 2008. Yet, she did not seek written discovery from, or depositions of, the individuals until nearly a year later, when I granted her permission to take the depositions after the close of discovery. No motion to amend has ever been filed and no service has ever been attempted. This kind of unexcused

15

and unexplained delay cannot on the present record be squared with the requirement of reasonable diligence.

These same factors scuttle plaintiff's argument that equitable tolling should apply, because the defendant, Sheriff of Cook County, objected to a production request for personnel files of three officers, thereby apparently preventing her from learning the identities of those whom she otherwise would have been able to name. Equitable tolling – or as it is sometimes called, equitable estoppel – comes into to play when the defendant takes "certain active steps to prevent the plaintiff from suing." *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006). Illinois courts typically apply this doctrine in situations where the defendant has "lulled" the plaintiff into delaying suit, either by promising not to plead a limitations defense or by concealing evidence that the plaintiff needed to determine the existence of her claim. *Id.* Of course, other forms of affirmative acts or words by the defendant which prevent discovery of a putative defendant's identity can trigger the doctrine.

Clearly, there has been no lulling in this case, nor has there been the kind of affirmative conduct the courts have found warrants application of the equitable estoppel doctrine. As discussed above, the plaintiff has known almost from the beginning of the case the identities of those who might potentially be responsible for Mr. Dart's death. Indeed, it was that awareness that enabled plaintiff to identify the files she wanted. Moreover, there is no showing that the personnel files contained any information essential to identifying those who may have been responsible for Mr. Dart's death. *See Vodak v. City of Chicago*, 2006 WL 1049736, *5 (N.D.Ill. Apr. 19, 2006)(no equitable estoppel where defendant provided arrest reports and other documents containing names of officers involved). In short, the defendants are not properly chargeable with "affirmative acts or words... which prevented [the plaintiff] from discovering the[ ] identit[ies]" of those who may have

16

had involvement in the death of the plaintiff's son. *Worthington*, 8 F.3d at 1257.

The Seventh Circuit has quoted one Illinois case as summing up the idea behind equitable estoppel or tolling: "'The test is whether, considering all the circumstances of the case, conscience and honest dealing require that the defendant be estopped.'" *Id.* (quoting *Franke v. Geyer*, 209 Ill.App.3d 1009, 1013, 68 N.E.2d 931, 934 (3rd Dist. 1991). The defendant's objection to the production of the personnel files is simply insufficient to satisfy this test.

## CONCLUSION
"'In delays there lies no plenty.'"
*Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995)

It is well to recall that statutes of limitations are not arbitrary obstacles to the vindication of just claims and are not to be given a grudging application. They protect important social interests in certainty, accuracy, and repose. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-453 (7th Cir. 1990)(Posner, J.). That has been the judgment of courts for almost 200 years. *See Bell v. Morrison*, 26 U.S. 351, 360 (1828)(Story, J.); *Ledbetter v. Good Year Tire & Rubber Co., Inc.*, 550 U.S. 618, 630 (2007); *Helvering v. Schine Chain Theaters*, 121 F.2d 948, 950 (2nd Cir. 1941)(L.Hand., J.). *Accord Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment CSX Transp. Northern Lines v. CSX Transportation, Inc.*, 522 F.3d 1190, 1196 (11th Cir. 2008).

The "relation back" doctrine is not designed to trump or evade applicable statutes of limitations. *Cf.*, J. Moore's Federal Practice §15.19[3][a] (3d ed. 1997). Its purpose is to allow a merits-based determination of cases, rather than to have the outcome decided by a hyper-technical pleading defect such as the misidentification of a party. *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *Foman v. Davis*, 371 U.S. 178 (1962). The instant case presents something quite

17

different from technical pleading deficiencies. Rather, the contemplated amendment would name new parties long after the statutes of limitations have run, and after a fair period for the exercise of reasonable diligence had expired.

Based upon the present record and the absence of any attempt to name and serve those the plaintiff believes may be responsible for Mr. Hunt's death, the defendant's motion is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/30/09