IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS HUNT, deceased, by and through )
his Supervised Administrator, TRACY CHIOVARI, )
)
Plaintiff, ) No. 07 C 6003
)
v. ) Magistrate Judge
) Jeffrey Cole
THOMAS DART, as SHERIFF OF COOK COUNTY, )
and COOK COUNTY, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

### I.

### BACKGROUND

Plaintiff's second amended complaint, brought under 42 U.S.C. §1983, charges the Sheriff of Cook County and Cook County with various civil rights violations that allegedly led to the death of Thomas Hunt while he was in custody at the Cook County Jail. In Count I, the plaintiff seeks to hold the County liable under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978), alleging that the County is responsible for policies implemented at the jail. Count II is a similar *Monell* claim, but this one is directed at the Sheriff. Count III is a wrongful death claim, also brought against the Sheriff, alleging that he is responsible for whatever occurred at the jail under a theory of *respondeat superior*.

The defendants have filed a motion to dismiss. The County argues the *Monell* claim against it should be dismissed because it is not the policymaker at the jail, the Sheriff is. The Sheriff argues

that plaintiff's *Monell* claim against him should be dismissed because plaintiff has failed to name any individual defendants and so, has failed to state a claim under *Monell*. The Sheriff argues that plaintiff's wrongful death claim must be dismissed for similar reasons – the failure to name individual tortfeasors – under the Local Government and Governmental Employees Tort Immunity Act.

## II.
## ANALYSIS

A complaint's adequacy is governed by Federal Rule of Civil Procedure 8(a)(2), which provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has elaborated on that requirement in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) and *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937 (2009). To survive a motion to dismiss, a plaintiff must allege sufficient factual matter which, accepted as true, would state a claim to relief that is plausible on its face. *Iqbal*, — U.S. at —, 129 S.Ct. at 1949 (2009); *Twombly*, 550 U.S. at 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, — U.S. at —, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Facial plausibility does not eliminate notice pleading in the federal system or require that a complaint have the factual richness required of a response to a motion for summary judgment. *Cf. Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009).

2

## A.
## The *Monell* Claim Against Cook County Must Be Dismissed

The plaintiff hopes to hold Cook County liable under *Monell*, which allows a municipality to be found liable for violating §1983 only where the municipality, *itself,* causes the constitutional violation, for there is no *respondeat superior* liability. *Monell*, 436 U.S. at 694-95. There must be a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). The question here is whether there is such a link between Cook County and the Sheriff of Cook County. It may seem counterintuitive, but there isn't – at least not enough of one to allow plaintiff's *Monell* claim against the county to stand.

The Cook County Jail and the Cook County Department of Corrections are solely under the supervision and control of the Sheriff of Cook County. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Indeed, under Illinois law, "Illinois sheriffs are independently elected officials not subject to the control of the county." *Ryan v. County of DuPage,* 45 F.3d 1090, 1092 (7th Cir.1995). *Accord Franklin v. Aruba*, 150 F.3d 682, 685 (7th Cir.1998); *Moy v. County of Cook,* 159 Ill.2d 519, 532, 640 N.E.2d 926, 931 (1994). In *Moy*, the Illinois Supreme Court explained at length the relationship between the county and the sheriff:

> The county is given no authority to control the office of the sheriff. Significantly, county boards may exercise only such powers as are expressly granted by the State or arise by implication from these granted powers or are indispensable to the purpose of their existence. Although a county board may alter or impose additional duties upon county officers, the board may not alter the duties, powers and functions of county officers that are specifically imposed by law.

\* \* \*

> The sheriff of each county shall be the warden of the jail of the county, and have custody of all prisoners in the jail, except when otherwise provided in the "County Department of Corrections Act" (Ill.Rev.Stat.1989, ch. 75, par. 102). The sheriff may appoint a superintendent of the jail, and remove him at his pleasure, and it is the sheriff who is responsible the superintendent's conduct and training. Further, the sheriff is responsible for hiring and training all personnel necessary to operate and maintain the jail. (Ill.Rev.Stat.1989, ch. 75, par. 103.) Pursuant to the Counties Code, a department of corrections is created within the office of the sheriff's department. (Ill.Rev.Stat.1991, ch. 34, par. 3-15002.) Under the direction of the sheriff, the department operates and has jurisdiction over the county jail and other penal institutions and, *inter alia*, establishes diagnostic, classification and rehabilitation programs at the county jail. Ill.Rev.Stat.1991, ch. 34, par. 3-15003.

159 Ill.2d at 526-27, 640 N.E.2d at 929 (case citations omitted). *See also Carver v. Sheriff of La Salle County*, 203 Ill.2d 497, 513-14, 787 N.E.2d 127, 136-37 (2003).

This statutory authority led the Seventh Circuit in *Thompson* to affirm the dismissal of Cook County as a defendant against a *Monell* claim since the County had no authority to policies at the Cook County Jail. 882 F.2d at 1187. The Seventh Circuit affirmed a similar dismissal in *Ryan*, although that case had to do with the Sheriff being in charge of the County courthouse. 45 F.3d at 1092. Likewise, here, the *Monell* claim against Cook County must be dismissed because it is the Sheriff, not the County, who is the policymaker at the county jail. The County remains in the case, however, as a necessary party because Count II seeks damages against the Sheriff. *See Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2009)("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer ... [and] [b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation.").

### B.
### The *Monell* Claim Against The Sheriff/Department Of Corrections States a Claim

Count II of the Second Amended Complaint claims that the Department of Corrections had

4

three unconstitutional customs or policies in place pursuant to which: (1) corrections officers routinely caused serious injury to inmate detainees by beating, kicking, and otherwise injuring them; (2) corrections officers were allowed to beat and kick inmate detainees; and (3) corrections officers routinely refused to seek any medical attention for the inmate detainees who where injured as a result of the beatings. (*Second Amended Complaint*, ¶¶ 42-44). The Sheriff – who is in charge of the Department of Corrections – moves to dismiss this claim because the plaintiff has not identified any of these corrections officers. The plaintiff's difficulties in doing so are detailed in the Memorandum Opinion and Order of April 30, 2009. (Dkt. # 104); *Hunt v. Dart*, 612 F.Supp.2d 969 (N.D.Ill. 2009).

Defendant relies on *Tesch v. County of Green Lake*, 157 F.3d 465 (7th Cir. 1998), where the Seventh Circuit affirmed a grant of summary judgment in favor of the defendant on the plaintiff's *Monell* claim. But significantly, in *Tesch*, the plaintiff did not fail to name individual defendants or even name the wrong ones. Instead, the court found that the wrongs the plaintiff complained of did not amount to constitutional violations. 157 F.3d at 475-76. As there was no constitutional violation, there obviously could be no liability on the part of the municipality. 157 F.3d at 477. The point was made clear in *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986):

> . . . this was an action for damages, and neither *Monell* . . . , nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.

The other case the Sheriff cites, *K.F.P. v. Dane County*, 110 F.3d 516 (7th Cir. 1997), is more to the point, although it is also a summary judgment case and does not support the Sheriff's motion to dismiss. The plaintiff in that case failed to identify the individual actors liable for the claimed constitutional violations. Instead, he named the parties as "Doe defendants." The Seventh Circuit affirmed the district court's grant of summary judgment not because the individuals had not been named in the complaint, but because they had not been identified as the responsible actors in response to the motion for summary judgment. The Court of Appeals explained:

> . . . a charge that an official has inflicted cruel and unusual punishment "mandate[s] an inquiry into [the] prison official [s]'[ ] state of mind." Thus, to determine deliberate indifference, the court must have before it identified culprits. [Plaintiff's] claim against the Doe defendants fails because he does not point the finger at any specific prison guards. Without minds to examine, we cannot conduct an individualized inquiry.
>
> \* \* \*
>
> The use of fictitious names for parties, a practice generally frowned upon, . . . is left within the discretion of the district court. Presumably because [plaintiff] was at a disadvantage in collecting information held by the [county jail], the district court allowed Doe defendants. Coupled with the district court's lenient decision is the understanding that [plaintiff] would proceed to conduct a reasonable inquiry into the unknown defendants' identities. This court, reviewing the record, sees the names of the prison guards who chronicled the misdeeds . . . and the names of the prison guards interviewed after the rape of [plaintiff]. Surely among these are the Doe defendants [plaintiff] had in mind when he filed the complaint. *At some point prior to or during the pendency of defendants' dispositive motion, it became incumbent upon [plaintiff] to isolate for the court which individuals knew of . . . and disregarded the danger to [plaintiff]*. Without a showing of potential personal culpability, from which we could draw inferences in [plaintiff's] favor at this stage, [plaintiff'] claim against the Doe Defendants *cannot survive summary judgment*.

110 F.3d at 519 (emphasis supplied). The plaintiff in *K.F.P.* evidently had the same difficulties in identifying culprits as the plaintiff here, despite both having access to all the potential defendants. *See Hunt*, 612 F.Supp.2d at 978.

6

The plaintiff in *K.F.P.* also brought a *Monell* claim, alleging that the County had a policy of housing violent and non-violent inmates together. Yet, the Seventh Circuit did not affirm summary judgment on that claim on the basis that there were no individual actors named. Instead, the court found that there was "no evidence that this is an actual policy of the [county jail], let alone that any county official knew of a causal link between this policy and harm to inmates . . . ." 110 F.3d at 519-20. Even without the individual culprits before the court, then, the plaintiff had the opportunity to present evidence to demonstrate the policy alleged was in place.

Under *K.F.P.*, the plaintiff could have conceivably produced some evidence of the policies alleged to be in place. Even after *Twombly* and *Iqbal*, a plaintiff doesn't have to come forward with evidence to survive a motion to dismiss. *See Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009)(noting difference between motion to dismiss and motion for summary judgment). As such, neither *Tesch* nor *K.F.P.* suggest the plaintiff's *Monell* claim against the Sheriff should be dismissed. That portion of the motion to dismiss, therefore, is denied.

## C.
### The Vicarious Liability Claim Against The Sheriff For Wrongful Death States a Claim

Count III of the Second Amended Complaint alleges that the Sheriff is vicariously liable for the conduct of the corrections officers that allegedly caused Mr. Hunt's death. In support of his motion to dismiss this claim, the Sheriff makes an argument similar to the one he makes against Count II. He says the count must be dismissed under Illinois's Tort Immunity act, which sates that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.

Again, however, the case the Sheriff relies upon undercuts rather than supports his argument. In *McCottrell v. City of Chicago*, 135 Ill.App.3d 517, 481 N.E.2d 1058 (1st Dist. 1985), the plaintiff brought a claim against the City of Chicago for a wrongful death caused by certain city paramedics. The plaintiff never named the paramedics as defendants. The court noted that Illinois "courts have long recognized that in an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master." 135 Ill.App.3d at 519, 481 N.E.2d at 1059. The plaintiff "need not name each employee of a corporation in a suit for injuries sustained in order to prevail against the corporate employer. Rather, a litigant may sue either the master or the servant, for they are jointly and severally liable." 135 Ill.App.3d at 519, 481 N.E.2d at 1059-60. The lower court had dismissed the claim against the city under the Tort Immunity Act because the plaintiff had not named the paramedics. The appellate court reversed, explaining that, "it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action." 135 Ill.App.3d at 520, 481 N.E.2d at 1060. Plaintiff has not had an opportunity to prove anything yet, and, as already suggested, it is possible he will be able to identify a culpable corrections officer when the time comes. But, as already noted in connection with Count II, in the context of a motion to dismiss the time for proof is not yet at hand

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [#18] is GRANTED in part and DENIED in part.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 1/22/10